# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

UNITED STATES OF AMERICA,

v.                                                                                          CASE NO. 4:09cr59-RH/WCS

TORA CHEYNE RIDGEWAY,

      Defendant.

_____/

## ORDER DENYING MOTION TO COMPEL THE
## GOVERNMENT TO FILE A RULE 35 MOTION

The defendant Tora Cheyne Ridgeway was sentenced to 120 months in custody, a substantial reduction from the guideline range of 262 to 327 months. Ms. Ridgeway now has written a letter to the court asserting that the government should have filed a motion for a downward departure under United States Sentencing Guidelines § 5K1.1 based substantial assistance she says she provided in the investigation or prosecution of others. Ms. Ridgeway asserts she should have received a shorter sentence.

After a sentence has been imposed, a court may reduce the sentence based on substantial assistance under Federal Rule of Criminal Procedure 35(b). But only the government may file a substantial-assistance motion, under either § 5K1.1 or Rule 35(b). The grounds on which a court may compel the government to file a

substantial-assistance motion are exceedingly narrow.

This principle is most firmly established in cases not involving a plea agreement. *See, e.g.*, *Wade v. United States*, 504 U.S. 181, 112 S. Ct. 1840, 118 L. Ed. 2d 524 (1992) (holding in a case not involving a plea agreement that the court could review the government's failure to file a substantial-assistance motion only for an unconstitutional motive such as racial or religious discrimination); *United States v. Nealy*, 232 F.3d 825 (11th Cir. 2000) (stating in a case not involving a plea agreement that the government has discretion whether or not to file a substantial-assistance motion and that the government's decision is reviewable only for an unconstitutional motive, and upholding the government's election, based on the defendant's commission of another offense, not to file a substantial-assistance motion, even though the defendant in fact provided substantial assistance).

When there *is* a plea agreement, the government of course must comply with it. *See, e.g.*, *Santobello v. New York*, 404 U.S. 257, 92 S. Ct. 495, 30 L. Ed. 2d 427 (1971). But at least in this circuit, any agreement that retains for the government the sole discretion to determine whether a defendant has provided substantial assistance is reviewable by the court only for an unconstitutional motive, the same ground recognized in *Wade* and *Nealy*. *See United States v. Forney*, 9 F.3d 1492 (11th Cir. 1993) (suggesting in dictum that a plea agreement that preserves the

government's discretion whether to file a substantial-assistance motion does not authorize the court to review under a "bad faith" standard the government's exercise of that discretion); *United States v. Ortiz*, 133 F. App'x 655, 657 (11th Cir. 2005) (holding a defendant's motion to compel the government to file a substantial-assistance motion unfounded "because he . . . failed to allege an unconstitutional motive" and the plea agreement "provided only for the possibility that the government might, in its sole discretion, file such a motion"); *United States v. Green*, 192 F. App'x 823, 824-25 (11th Cir. 2006) (applying *Forney* as the basis for upholding the denial of relief in a case from this district involving a plea agreement with a substantial-assistance provision substantively identical to the provision in the case at bar); *United States v. Wilcoxson*, 77 F. App'x 505 (11th Cir. 2003) (unpublished table decision) (same).

Other circuits have taken a different approach. *See, e.g.*, *United States v. Wilson*, 390 F.3d 1003, 1010 (7th Cir. 2004) (noting disagreement with the Eleventh Circuit's decision to "limit[] the defendant's recourse to those instances when the government harbors an 'unconstitutional motive' for refusing to file a substantial-assistance motion"); *United States v. Rexach*, 896 F.2d 710, 714 (2d Cir. 1990) (holding that when a plea agreement provides that substantial assistance will be determined in the discretion of the prosecutor, then "the Court's role is limited to deciding whether the prosecutor has made its determination in good

faith") (internal quotation omitted).  But that of course does not help Ms. Ridgeway; this case is being litigated in the Eleventh Circuit and thus is controlled by *Forney*.  And while the circuit split on this issue presents a nice question, it seems unlikely it ultimately would make a difference in the case at bar.

Ms. Ridgeway has alleged no facts suggesting the government has acted either from an unconstitutional motive or in bad faith.

Accordingly,

IT IS ORDERED:

The clerk must docket Ms. Ridgeway's letter as a motion to compel the government to file a substantial-assistance motion.  The motion to compel is DENIED.

SO ORDERED on October 13, 2010.

s/Robert L. Hinkle  
United States District Judge
