IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 4:09cr59-RH/CAS
 4:12cv486-RH/CAS

TORA CHEYNE RIDGEWAY,

    Defendant.

_____/

## ORDER DENYING THE § 2255 MOTION

The defendant Tora Cheyne Ridgeway has moved under 28 U.S.C. § 2255 for relief from her judgment of conviction. The motion is before the court on the magistrate judge's report and recommendation, ECF No. 84, and the objections, ECF No. 87. I have reviewed *de novo* the issues raised by the objections. This order accepts the report and recommendation and denies the § 2255 motion.

As correctly set out in the report and recommendation, the § 2255 motion is untimely. And the motion would be denied on the merits even if timely. The only basis for relief asserted in the § 2255 motion is that Ms. Ridgeway's guideline range was improperly calculated. But Ms. Ridgeway received the statutory

minimum mandatory sentence of 10 years imprisonment. This was well below the calculated guideline range. Even if all Ms. Ridgeway's contentions in the § 2255 motion had been accepted prior to sentencing, her sentence still would have been 10 years in prison. A shorter sentence would not have been lawful.

A defendant may appeal the denial of a § 2255 motion only if the district court or court of appeals issues a certificate of appealability. Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Miller-El v. Cockrell*, 537 U.S. 322, 335-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983); *see also Williams v. Taylor*, 529 U.S. 362, 402-13 (2000) (setting out the standards applicable to a § 2254 petition on the merits). As the Court said in *Slack*:

> To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot*, includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further."

*Slack*, 529 U.S. at 483-84 (quoting *Barefoot*, 463 U.S. at 893 n.4). Further, in order to obtain a certificate of appealability when dismissal is based on procedural grounds, a petitioner must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional

right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

The defendant has not made the required showing. This order thus denies a certificate of appealability. Because the defendant has not obtained—and is not entitled to—a certificate of appealability, any appeal by the defendant will not be taken in good faith. I certify under Federal Rule of Appellate Procedure 24(a) that any appeal will not be taken in good faith and that the defendant is not otherwise entitled to proceed *in forma pauperis* on appeal. Accordingly,

IT IS ORDERED:

1. The clerk must enter a judgment stating, "The defendant's motion for relief under 28 U.S.C. § 2255 is DENIED.

2. The defendant's application for a certificate of appealability is DENIED.

3. Leave to proceed on appeal *in forma pauperis* is DENIED.

SO ORDERED on December 10, 2013.

s/Robert L. Hinkle<br>United States District Judge